UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


LEONARD JOHNSON, JR.  (# 189695)

VERSUS                                        CIVIL ACTION

STEVE RADER, ET AL                            NUMBER 09-784-JJB-DLD


## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 25, 2010.


**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


LEONARD JOHNSON, JR.  (# 189695)

VERSUS                                          CIVIL ACTION

STEVE RADER, ET AL                              NUMBER 09-784-JJB-DLD


MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' Motion to Dismiss.  Record document number 20.  The motion is opposed.[1]

Pro se plaintiff, an inmate confined at Dixon Correctional Institute, Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Steve Rader, Capt. Charles Henyard, Maj. John Chase and Sgt. Thomas Blue.  Plaintiff alleged that on April 16, 2008, he fell and injured his back while clearing limbs at a location outside of the prison grounds.  Plaintiff alleged that he was required to work under hazardous conditions and had to pay approximately $100 in medical co-payments.

Defendants[2] moved to dismiss the complaint for failure to state a claim upon which relief can be granted under to Rule 12(b),Fed.R. Civ. P.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

(c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1979 of

---

[1] Record document number 22.

[2] Thomas Blue was not served with the summons and complaint and did not participate in the defendants' motion to dismiss.

the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed.R.Civ.P. 8(a)(2)). The court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." *Id.* at 1949-50 (internal quotation marks omitted).

Plaintiff alleged that he tripped and fell while working at a location outside the prison grounds. Plaintiff alleged that his foot got caught between tree roots causing him to fall on his back and to strike his head. Plaintiff alleged that after sitting on a log for approximately 20 minutes, Capt. Henyard ordered him to stand up or be issued a disciplinary report.

2

Plaintiff alleged that another inmate gave him a stick to lean on but Maj. Chase ordered him to throw the stick on the ground.  Plaintiff alleged that after returning to the prison he declared himself a medical emergency.  Plaintiff alleged that he was examined by medical personnel, provided pain medication and crutches and was referred to a doctor for follow-up treatment.  Plaintiff alleged that he was advised that he would be charged for his medical treatment unless the field operations supervisor issued an accident/incident report.  Plaintiff alleged that the medical department charged him for the medical treatment and refused to refund the charges after the accident/incident report was issued.

Plaintiff named Warden Rader as a defendant but failed to allege any facts against him which rise to the level of a constitutional violation.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed.  *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983).

Plaintiff alleged that unidentified medical personnel refused to reimburse him for the costs associated with the April 16 accident.  Random and unauthorized deprivations of property by state officials do not violate the federal constitution if an adequate post-deprivation state remedy exists.  *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908 (1981); *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194 (1984).  Louisiana has ample remedies under which the plaintiff may proceed against the defendants for the reimbursement of the medical charges.  *Marshall v. Norwood*, 741 F.2d 761 (5th Cir. 1984).

Plaintiff alleged that the defendants were deliberately indifferent to his health and safety when they required him to perform work which was hazardous, beyond his strength

and posed a danger to his health.

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id*. Mere negligence is not a basis for liability under § 1983. *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990); *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987).

Plaintiff's allegations that the defendants were deliberately indifferent to his health and safety are sufficient to state a claim upon which relief can be granted.

<u>RECOMMENDATION</u>

It is the recommendation of the magistrate judge that the defendants' motion to dismiss be granted in part, dismissing all of the plaintiff's claims except the claim that John Chase Jr., Charles Henyard and Thomas Blue were deliberately indifferent to the plaintiff's health and safety and this matter be referred back to the magistrate judge for further proceedings on the plaintiff's Eighth Amendment claim.

Signed in Baton Rouge, Louisiana, on January 25, 2010.

**MAGISTRATE JUDGE DOCIA L. DALBY**