UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LEONARD JOHNSON, JR.  (# 189695)

VERSUS                                                                    CIVIL ACTION

STEVE RADER, ET AL                                              NUMBER 09-784-JJB-DLD

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on April 19, 2010.

*[signature]*

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


LEONARD JOHNSON, JR.  (# 189695)

VERSUS                                                                  CIVIL ACTION

STEVE RADER, ET AL                                          NUMBER 09-784-JJB-DLD


MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' Motion for Summary Judgment.  Record document number 25.  The motion is opposed.[1]

Pro se plaintiff, while an inmate confined at Dixon Correctional Institute, Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Capt. Charles Henyard, Maj. John Chase and Sgt. Thomas Blue.  Plaintiff alleged that the defendants were deliberately indifferent to his health and safety in violation of his constitutional rights.[2]

Defendants[3] moved for summary judgment relying on a statement of undisputed facts and the results of the Administrative Remedy Procedure (hereinafter ARP), a true copy of which was previously filed in the record.[4]

Summary judgment is appropriate where there is no genuine issue as to any

---

[1] Record document number 27.

[2] Plaintiff's claims against Warden Steve Rader and all other claims were previously dismissed except for the claim that John Chase Jr., Charles Henyard and Thomas Blue were deliberately indifferent to the plaintiff's health and safety.

[3] Thomas Blue was not served with the summons and complaint and did not participate in the defendants' motion for summary judgment.

[4] Record document number 7.

material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Federal Rules of Civil Procedure.

Defendants moved for summary judgment on the grounds that the plaintiff failed to exhaust available administrative remedies regarding the deliberate indifference claim.

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending. *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated in part* by *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). A prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 514 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90-91, 126 S.Ct. 2378, 2386

(2006). Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. *Id.*, 126 S.Ct. at 2389-90. The § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003).

The Prison Litigation Reform Act (PLRA) does not specify who must be named in a prison grievance in order to properly exhaust the prison grievance system. *Jones v. Bock*, 549 U.S. 199, 217-218, 127 S.Ct. 910, 922-23 (2007). Instead, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* at 923.

The primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued. *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004). A grievance must provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit. *Id.*

Plaintiff alleged that he tripped and fell while working at a location outside the prison grounds. Plaintiff alleged that his foot got caught between tree roots causing him to fall on his back and to strike his head. Plaintiff alleged that after sitting on a log for approximately 20 minutes, Capt. Henyard ordered him to stand up or be issued a disciplinary report. Plaintiff alleged that another inmate gave him a stick to lean on but Maj. Chase ordered him to throw the stick on the ground. Plaintiff alleged that after returning to the prison he declared himself a medical emergency. Plaintiff alleged that he was examined by medical personnel, provided pain medication and crutches and was referred to a doctor for follow-

up treatment.

Plaintiff alleged that the defendants were deliberately indifferent to his health and safety when they required him to perform work which was hazardous, beyond his strength and posed a danger to his health.

Plaintiff alleged in the complaint that he exhausted available administrative remedies in ARPs DCI-2008-771 and DCI-2009-48.[5]

The summary judgment evidence showed in ARP DCI-2008-771, the plaintiff complained that on October 13, 2008, that nurse Edith issued him a disciplinary report for malingering after he sought sick call for neck pain.

The summary judgment evidence showed that ARP DCI-2008-771 is unrelated to the claims raised in the complaint.

The summary judgment evidence showed that the plaintiff filed ARP DCI-2009-48 on December 9, 2008, complaining that he was being charged medical co-payments for the medical care received related to a work-related injury he sustained on April 16, 2008.

The summary judgment evidence showed that ARP DCI-2009-48 was rejected because it was not filed timely in accordance with ARP guidelines.

The summary judgment evidence showed that the plaintiff failed to exhaust proper administrative remedies regarding his deliberate indifference claim prior to filing suit.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' motion for summary judgment be granted and this action be dismissed without prejudice for failure to

---

[5] Complaint, p. 3.

exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a), and with prejudice to refiling the claims in forma pauperis status.[6]  It is further recommended that the claims against Thomas Blue be dismissed pursuant to Rule 4(m), Fed.R.Civ.P.

Signed in Baton Rouge, Louisiana, on April 19, 2010.

**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[6] *Underwood v. Wilson*, 151 F.3d at 296.